OPINION of the Court, by
Cb. J. Boyxe.
This is an appeal taken by the defendant from a judgment in favor of the plaintiff in an action of ejectment.
In the progress of Ihe trial in the court below, sundry exceptions' were taken by the defendant, the first of which presents the question whether a copy of the will of Thomas M’Gee, under which the plaintiff derives title, was admissible evidence or not ?
The objections to reading the copy as evidence were, 1st, that it was not sufficiently authenticated, being only certified by the clerk without the seal of the court, and net being otherwise proven to be a true copy ■ and 2dly, that the, will did not appear to have been admitted to record upon proof sufficient to pass real estate.
Both these objections, we are inclined to think, were corretctly overruled by the court below. With respect to the first, it may be remarked that at common law the seal of the court was not in all cases an indispensable requisite to authenticate a copy of its proceedings so as to render such copy admissible in evidence : for wherever an officer was entrusted by law to give out and authenticate copies, a copy certified by him was received without further evidence — Peak’s Ev. 31. And such we apprehend to be the case as respects the clerks of the courts of this country. We ara not indeed aware of any express statutory provision authorising them to give out copies and to authenticate them, but there are certainly many provisions which presuppose them to possess such an authority: of tli's sort are all those which prescribe the mode of making out’copies of records and regulating fees therefor. Besides, the invariable, and until very recently, the uncontroverted practice ever since the establishment of this government lias been to admit copies as evidence when duly certified and attested by the proper clerk.
As to the second objection, the record states that “ at a court held for Jefferson county on the 5th of August, 1783, the above will was proven and -admitted to record.” The fair conclusion from this statement ⅛ that the will was proven to have been executed according to its purport; and as it purports to have been executed in the presence of a competent number of subscribing wit-, »esses to pass real estate, we must presume that it was sg *440 proven. It is true, as was suggested in the argument, that although as the lawstood at the time when the will in question was recorded, the court was authorised immediately when the will was exhibited, to receive the proof and admit it to record, yet if !>v the will lands were devised away from the heir, such proof was not binding upon him. But to this suggestion it may be answered, that the law expressly required the court admitting such will to record to cause the heir to be summoned to appear at the next term, to contest, if he could, the validity of the will; and what the court ought to do should be presumed to have been done, especially after such a great lapse of time as has in this instance'intervened. Indeed it appears from another bill of exception in this case that the heir was appointed the executor of the will ; and the presumption is therefore strong, that lie was present when the will was proven : and whether he is presumed to be present, or to have been summoned, is immaterial 5 for in either case, if he admitted or failed to contest the validity of the will, the proof of it w ould he equally binding upon him. But it furthermore, appears that the heir did (not many years after the will was admitted to record) join with others, as devisees under the will, in a conveyance of a.tract of land which had belonged to the testator. This we take to he a clear admission of the validity of the will, am! consequently a conclusive answer to any objection on the score of the insufficiency of the proof to establish it. If it be said that this fact is not stated in the first bill of exception, ami that this court ought to decide upon the state of rase there made, it may be answered, that it does not appear from the first bill of exception that the defendant derives title under the heir of the testator ; and most certainly none hut the heir, or one deriving title through him, could objerttothe sufficiency of the proof on which the will was admitted to record.
As then the defendant must, in order to show7 his right •to make the objection, resort to other parts of the record, it necessarily follows that the plaintiff may in like manner do so for the purpose of answering the objection.
. It appears from the second bill of.exception taken in this case, that John M’Gee, the father of the lessor of the plaintiff, conveyed the land which is the subject of controversy, in fee with warranty to James M’Gee, who reconveyed in fee to John, .who afterwards conveyed the *441 Sams to Challes Lynch, but with warranty against those only claiming through him, and that Lynch conveyed to the defendant. On this state of case the defendant offered to prove that the lessor of the plaintiff had received assets by descent from his father, who has departed this life, for the purpose of rebutting or barring his recovery in this case; but the court refused to admit such evidence. The question, therefore, presented by this bill of exception, is whether the court erred in their decision on this point or not ? This question is one of no difficulty. It is not pretended that the warranty made to Lynch could bar the lessor of the plaintiff; for as he does not claim through his father, he does not come within the terms of the warranty made by his father to Lynch. If, therefore, he is barred, it must be by virtue of the warranty contained in the* conveyance from his father to James M’Gee ; but as the latter reconveyed the same estate to the father of the lessor of the plaintiff, it is clear that the warranty became thereby extinct: for no one can be his own assignee, or bound to warrant land to himself. — Co. Lit. 390 — Eac. Abr. title Warranty, letter 0. There can be no doubt, therefore, that the evidence to prove assets had descended from his father to the lessor of the plaintiff was irrelevant, and that the court decided correctly in refusing to admit it.
The third bill of exception presents tw o points, growling out of the construction of the will of Thomas M’Gee 5 in which, after declaring his intention to make John M’Gee, the father of the plaintiff’s lessor, the manager of his whole affairs, to settle them right and just, as he willed them* proceeded to devise, amongst other things, 500 acres, part of a pre-emption, to his brother James M’Gee, and 500 acres, a part of the Same preemption, to the lessor of the plaintiff; but without dé-signating how their respective parts were to be ascertained. The points made by this bill of exception, are, 1st, that John M’Gee, the father Of the lessor of the plaintiff, had under the will power to allot to each his part; and that the conveyance by him of 500 acres before mentioned, to James M’Gee, was in substance art allotment of his part; and gdlyj'that if this point should be otherwise decided, then the lessor of the plaintiff had shown himself entitled to recover only an undivided moiety of the land in dispute.
*442 With respect to the first point, as the devises were an un(livided moiety of the pre-emption to each of the devisees, it is clear that their rights respectively must have been the same to. every par t, and that they therefore took the estate as tenants in common. According to the letter as wfeil as spirit of the will, therefore, the manager or executor was only authorised to see that the devisees should enjoy the estate as it passed to them by the will. But if we supposed him to have power under the will to allot to each devisee his part, still we should not think that the conveyance by him to James M’Gee could be construed to be an allotment of his part; 1st, because it does not purport to be an allotment under the will, but to pass the estate; and 2dly, because it is made, not in his character of manager or executor, but in his own right.
As to the second point, there is no doubt if the estate which passed to the devisees by the will was, as we have supposed, an estate in common, that the lessor of the plaintiff could, according to the repeated decisions of this court, be entitled to recover only an undivided moiety, and not the whole in severalty. We are of opinion, therefore, that the court below erred in refusing to so instruct the jury.
Judgment must be reversed with costs, and the cause remanded for new proceedings not inconsistent with the foregoing opinion.