The President
delivered the opinion of the Court. *
The first objection in order, to a decree in behalf of the appellants, is, to the jurisdiction of the Court. The bill makes out a ease for a specific execution of an award, but prays for neither special nor general relief; as to which, no objection is taken by the appellees. They answer generally the allegations of the bill, and submit themselves to the decree of the Court, on the merits of the complaint. Whether, upon a demurrer to the bill, it would have been sustained, it is not necessary to decide. A submission to an award, is an agreement between the parties to it., to abide by and perform it in every particular; and the mutual submission of the matter in controversy, is a valid consideration for such agreement. If either party refuses to comply with the terms of it, and there is adequate remedy at law, a Court of Equity will not interfere; but as in the case of other agreements, if that remedy be inadequate, neither upon reason nor authority, does there seem to be any objec *100 tion to a specific execution in a Court of Equity. Though there was no award in the case of Smallwood v. Hansborough, 1 Wash. 290, the Court went on this principle; ancl though in some of the English Cases, it was intimated, that where there was no acquiescence in the award by the parlies to the submission, nor agreement by them after-wards to have it executed, a bill for specific execution would not lie, (see the cases of Thompson v. Noel & al. 1 Atk. 60, and Hall v. Hardy, 3 P. Wms. 187;) yet, in the case of Wood v. Griffith, Swanston’s Rep. 54, that distinction is over-ruled.
The next objection is, to the validity of the award; first, because it comprehends the interests of persons riot parties to the submission; and, secondly, because the arbitrators have mistaken the law of the case submitted to them. I pass over the objection to the conduct of the arbitrators, as regards the counsel of one of the defendants; because, upon the evidence, there is nothing in it affecting the merits of the award. Nor does it appear that the defendant, Susanna Smith, was misled or deceived, when she signed the submission. She may have signed it with reluctance, but with a full knowledge of its object.
As to the validity of the award, the parties to the submission claimed their equal share in the property in controversy, with other distributees of Thomas Smith, the testator. They were competent to submit their claim to arbitration. Those who signed the submission, were alone to be bound by it; and in deciding on their interests, the rights of others were not to be affected. If the decision of the arbitrators was against them, they were bound by it; if against the defendants, who claimed the property, they were also bound.
That an award as to the title to personal estate, settles the rights of the parties controverting it, the cases abundantly shew. 2 Levinz, 104. 2 Esp. Rep. 25, and the cases cited in 2 Vin. Abr. “ L.” pl. 40, note 4.
*101 As to the objection that the arbitrators mistook the law of the case submitted, the question submitted was purely a question of law. Susanna Smith, one of the defendants, claimed the property under the will of her father Thomas Sm.ith, and under a deed from Thomas Smith the residuary legatee. The plaintiffs claimed it as undisposed of by the will, and as distributees under the law. The nature of the controversy is stated by both of the defendants in their answers. John Smith had claimed it as heir at law of his father Thomas Smith, admitting that if he was entitled to it, he was accountable to the other children for their portions of its value. Thomas Smith, one of the children, claimed it as residuary legatee; and whether the property passed by the will or not, was the question submitted to the arbitrators. When parties submit to arbitration their rights involved in law and fact, they are understood to submit the facts to the arbitrators, to be decided on according to law; and if it appears upon the face of the award, that they grossly mistook the law, the award will be set aside. But, where it appears, as in the case before us, that the parties intended to submit the question of law alone, the decision of the arbitrators is binding, though contrary to law. If not, it would not be competent to parties to make a valid submission of a point of law; for, however the arbitrators might decide, no litigation would be avoided. The proper Court would still have to consider and decide the point of law, as if no award had been made. See 13 East. 357, Chace & al. v. Westmore. Young v. Walton, 9 Ves. 364, and Medcalfe v. Ives, 1 Atk. 64. The arbitrators having, in effect, decided that the propel ty did not pass by the will, it followed of course, in point of law, that it belonged (as the law was, at the death of the testator,) to the eldest son, as heir at law, charged with the payment of due proportions of its value, to the other children. This liability of the heir at law, was, in equity, equivalent to an equal interest in the property; and it must be understood, that the arbitrators meant by “ heirs at law” of *102 Thomas Smith, all his children living, and the child or children of any of them who died in the life-time of Thomas Smith, and the representatives of those who have died since his death; such children representing their parents per stirpes. Awards are to be construed liberally, to give them effect; and this seems to be a fair construction of the award in this case. It accords with the purpose of the parties submitting to it; nor is it necessary that the arbitrators point out the particular mode in which it is to be carried into effect. Lingood v. Eade, 2 Atk. 501, 505. That in this aspect of the case, it is one proper for specific execution in a Court of Equity, seems very clear. Tho parties to the submission, together with the other representatives of Thomas Smith, claimed an interest in common, in the property in question. Supposing it to be a legal, and not an equitable interest, no partition between tenants in common of personal estate, could be made at law. A partition in kind could not be made there; each party having an equal right to the possession of the whole. Whether the title to the property was legal or equitable, therefore, in this case, a Court of Equity was the proper tribunal for a partition of it.
We are of opinion, therefore, that the Court of Chancery erred in dismissing the bill, and not affording to the plaintiffs an opportunity to amend it, to ascertain the extent of their rights, by shewing how many of the representatives of Thomas Smith, would have been entitled, under the award, had they signed the submission, and thereby establish the extent of their own interest in the subject, under the award.
The decree is therefore reversed, and the following decree is to be entered:
The Court is of opinion, that the award in the proceedings mentioned, is valid and sufficiently certain, and that a Court of Equity hath jurisdiction to carry it into effect, by decreeing a portion of the slaves in question, in kind, *103 according to the rights of the parties ascertained by the award, and the other matters in the record, if that can be done; and if not, by directing a sale thereof, and the proceeds to be divided according to the rights of the parties: that the effect of the said award, was to determine that all the children of Thomas Smith, alive at his death, and those now representing such of them as are dead, together with the child or children of such of his children as died in his life-time, were entitled to an equal proportion of the slaves mentioned in the award, such children taking the part which their deceased parent would have taken, if alive: that as regards those who did not sign the submission, neither they nor their representatives can claim any thing under it; and the portions which they would have been entitled to, had they been parties to the submission, remain to Thomas Smith and Susanna Smith, claiming under him, as if the award had not been made, since, by the will of Thomas Smith deceased, the said Thomas Smith was, before the award, entitled to the slaves in question as residuary legatee, and that the said decree, in dismissing the bill, is erroneous, &c.

 Judge Co alter absent.