Bland, Chancellor.
Where a defendant has been found a lunatic by a regular commission, and is then in custody as such; and it is so stated, as in this instance, it is a matter of course for him to answer by his committee, without any special order for that purpose; but here it appears, that the lunatic’s committee is interested in the subject in controversy; and, therefore, it becomes necessary to appoint a disinterested, capable person as his guardian, to answer for him. (a) Subpoenas may issue in this case, as of course, against both the defendants ; but no further proceedings can be had, as against the lunatic, until he has a guardian appointed for him who will consent to act as such-, and take charge of his interests. The Chancellor will expect to-have some suitable person described and recommended to be guardian to the defendant Jacob Hewitt.
Whereupon it is Ordered, that this case stand over as to the defendant Jacob Hewitt, until further order.
*185 The defendant Rezin D. Hewitt, by his answer, admitted, that the property in the bill mentioned was incapable of division; and therefore prayed, that it might be sold. And at the same time the solicitor of the parties recommended Doctor Haines Goldsborough, of Anne Arundel county, as a suitable person to be appointed as guardian of the lunatic defendant.
12th February, 1831.
Bland, Chancellor.
Ordered, that Doctor Haines Goldsborough, of Anne Arundel county, be, and he is hereby appointed guardian of the said defendant Jacob Hewitt, a lunatic, with full power and authority to answer the said bill of complaint in his behalf, and in all respects to defend and sustain his rights and interests so far as the same may be involved in this suit.
After which the lunatic defendant, by Goldsborough his guardian, answered, that he believed it would be to his advantage, that the property mentioned in the bill of complaint, should be sold.
12th March, 1831.
Bland, Chancellor.
The special and distinctly expressed object of this bill is to obtain a partition of an intestate’s estate among his heirs. There can be no doubt, that this court has jurisdiction to make partition of real estate claimed either by descent, or by purchase; (b) nor can it be doubted, that this court has the power to make partition of any personal property among its several owners ; for indeed it has been said, that a partition of personal estate can only be enforced by a court of equity, (c) But this bill does not allege that these parties, or any of them, are at present in actual possession of the chattels real of which the intestate died possessed; on the contrary, it has been verbally admitted, that these chattels real passed into the hands of his administrator; and yet remain to be accounted for by him. The administrator of the intestate has not been made a party to this suit; nor could he, with propriety, have been made a party solely for the purpose of obtaining a partition of any of the personal estate in his hands; because the power to make a distribution of the surplus of the personal estate remaining in the hands of his administrator has been conferred upon the Orphans Court; with which this court should not interfere; except on account of some special circumstances to which the powers of the Orphans Court may not be altogether adequate. Nothing of the sort has *186 been intimated in this case; and therefore, as to the chattels real, mentioned in the bill, these parties must he referred to the Orphans Court to obtain the proper distribution.
Decreed, that the real estate mentioned in the complainant’s bill, be sold; that that part of the complainant’s hill which relates to the chattels real therein mentioned, be, and the same is hereby-dismissed ; that Eli Hewitt and Rezin D. Hewitt, be, and they are hereby appointed trustees to make sale of the real estate, &c.
A sale was made accordingly, and the proceeds distributed.

 2 Mad. Chan. 333; Lloyd v.—, 2 Dick. 460; Lyon v. Mercer, 1 Cond Chan. Hep. 182.

 Corse v. Polk, 1 Bland, 233, note ; 1831, ch. 311, s. 7.

 Smith v. Smith, 4 Rand. 95 ; Crapster v. Griffith, 2 Bland, 25.