Tucker, P.
delivered the opinion of the court. The first point to be established in this case, is the character of the overseers of the poor. By the act of May 17S0, ch. 22. 10 Hen. stat. at large, pp. 288-9. the overseers of the poor were commanded to be elected, *233 and were declared to be a body politic and corporate, to sue and be sued, and were invested with the powers and duties of former churchwardens and vestries. This character they still retain. INext, if we advert to the law as to churchwardens, we find that they are a quasi corporation with power to sue and be sued, 1 Blacks. Cotnra. 394. and that succeeding churchwardens may bring an action of account against their predecessors at common law, 1 Bac. Abr. Churchwardens. E. p. 604. Moreover, though churchwardens cannot commence a suit in their own names after their year is out, yet if a suit was begun within their year, tiiey might proceed with it after their year was out; “ it being ex necessitate to prevent people from delays in order to wear out the year Dent v. Prudence, 2 Stra. 852. Thus an answer is at once afforded to most of the questions in this case. The overseers of the poor can sue their predecessors ; and the statute gives them the summary remedy by motion. The proceeding does not abate by the expiration of their office, but may go on in their names to a recovery, for the amount of which they in turn will be accountable to their successors. Being a corporation capable to sue, they moreover have power to submit to arbitration; for it is a general principle, that whoever can contract can submit; and, indeed, in general, wdioever can sue is entitled to submit except those who cannot contract. As to the errors in judgment of the arbitrators, I perceive none upon the face of the award ; and even if there were any, it is well established, that where a matter of law is referred, the parties must abide by the decision though erroneous; Smith v. Smith, 4 Rand. 95. 6 Ves. 282. 9 Ves. 364. And as to the facts, the court by the reference is divested of all judgment as to them; per lord commissioner Eyre in Dick v. Milligan, 2 Ves. jr. 24.
Judgment affirmed.