Tinney *v.* Stebbins.

TINNEY *vs.* STEBBINS.

Although no action at law will lie, at the suit of one tenant in common, against another, in respect to the common property, without proving a loss, destruction or sale of the property by the defendant; and although no action at law can be maintained by one tenant in common, for the *partition* of such property, yet a court of equity is competent to give relief in such cases, by decreeing a partition of the property, or a sale thereof where partition is impracticable, and a division of the proceeds.

APPEAL, by the plaintiff, from a judgment of nonsuit. In April, 1855, the plaintiff took of the defendant five or six acres of his mint ground, to work on shares, the plaintiff to put in the crop and do the work, and the defendant to furnish a team and half the roots, and a distillery, and each to have half of what was raised, to be divided in the oil. The parties went on under the contract, each doing his part, and raised a crop which when distilled, amounted to 112 pounds. It was filtered on the defendant's premises, according to the contract, and when filtered was there in his possession. Thereupon in October, 1855, the plaintiff went with his servant to the defendant's house, taking cans with him, to get his half of the oil. He told the defendant what he had come for, but the defendant said "he should not give up the plaintiff's oil, unless the plaintiff would secure him (the defendant,) on a note the defendant held against the plaintiff." This the plain-

tiff declined to do, reminding the defendant that the note was not even due, and repeating his demand for the oil, which the defendant again refused to give up, and said he should keep it as security for the note. The prayer of the complaint was for judgment, that the interests of the plaintiff and of the defendant, in the oil, might be ascertained, determined and declared, and that the defendant might be adjudged to deliver the said oil, or so much thereof as the plaintiff's portion might be, to the plaintiff, or in lieu thereof to pay him therefor at and after the rate of four dollars per pound for each and every pound thereof, with costs; and for such other or such further relief and judgment as the court should deem just in the premises. Oil was shown to be worth at the time of the demand, in the market in Arcadia, where the parties resided, $3.25 to $3.50 per pound. The contract having been silent about the *time* when the division of the oil should be made, the plaintiff made out this part of the case by an offer of proof that by the custom of growers in that vicinity, the usual time of dividing was in the fall of the year, immediately after distilling. This was excluded at the trial. At the close of the proofs the plaintiff was nonsuited on motion of the defendant, on the ground *"That no action for a partition of personal property will lie between tenants in common thereof,* and that the complaint does not state or proof show a cause of action." To this ruling the plaintiff excepted.

*G. H. Arnold,* for the appellant.

*James C. Smith,* for the defendant.

*By the Court,* E. DARWIN SMITH, J. The plaintiff and defendant were tenants in common of the 112 pounds of oil in controversy, and the same was in the defendant's possession at the time of the commencement of this suit, and he had refused to let the plaintiff have his half thereof. No action at law will lie, at the suit of one tenant in common,

Tinney *v.* Stebbins.

in respect to the common property, without proving a *loss*, *destruction or sale*, of the article by the co-tenant. (*Gilbert* v. *Dickenson*, 7 *Wend.* 450. 2 *John.* 468. 3 *Id.* 175.) Nor can any action at law be maintained by one joint tenant or tenant in common, for the partition of personal property. But the law is not subject to the reproach that there is no remedy for the joint tenant or tenant in common deprived of his just rights, to the possession, use or fruits of the common property. A court of equity is competent to give relief in such cases, by decreeing a partition of the property, or a sale thereof where partition is impracticable, and a division of the proceeds. The powers of a court of equity were conferred and exist, to meet just such cases, where no adequate remedy exists at common law. (*Smith* v. *Smith*, 4 *Rand.* 95. *Kelsey* v. *Clay*, 4 *Bibb*, 441. 15 *Barb.* 336.) This case was treated at the circuit as a common law action, and was rightly disposed of upon that ground; but the plaintiff's case was one for equitable relief, and his prayer was adapted to such relief, and he was clearly, upon the proofs, entitled to a decree *in rem* in respect to the oil. There should, therefore, be a new trial, with costs to abide the event.

New trial granted.

[Monroe General Term, September 6, 1858. *Welles, Johnson* and *Smith,* Justices.]