WILLIAM ANDREWS, ADMINISTRATOR, ETC., RESPONDENT, *v.* SILAS BETTS AND OTHERS, APPELLANTS.

*Sale of vessel, owned by tenants in common — power of Supreme Court to direct — Jurisdiction of admiralty courts — Partition of personal property.*

Where a vessel is owned, in unequal proportions, by several persons, who cannot agree upon the sale or for the working of it, the Supreme Court of this State has jurisdiction over an action brought by one owner to procure the appointment of a receiver, the sale of the vessel, and the division of the proceeds among the owners thereof.

*Semble,* that the admiralty courts do not exercise jurisdiction to order the sale of a vessel owned by tenants in common, except in those cases in which the opposing interests are equal.

If they have jurisdiction in cases where the interests are unequal, it is not exclusive but concurrent with that of the common-law courts.

A court of equity has jurisdiction over an action, brought to secure a partition of personal property between tenants in common thereof.

APPEAL from an order overruling the defendants' demurrer to plaintiff's complaint in this action.

*S. Hand,* for the appellant.

*Esek Cowen,* for the respondents.

BOARDMAN, J.:

Plaintiff and defendants are owners, in unequal portions, of a propeller, which is being used and run by the defendants upon the Hudson river under an enrollment and license under the acts of Congress. The parties are unable to agree upon the sale, or for the working or operation of the same. Plaintiff also claims by his complaint, that the only way in which he can obtain his rights, as against the defendants, is by a sale of the vessel. Under such circumstances this action in equity is brought, whereby, among other things, the plaintiff asks that a receiver of said vessel may be appointed by this court, and that the same may be sold, and the proceeds divided among the owners according to their respective interests. To such complaint the defendants demur on the grounds: first, that this court has no jurisdiction of the cause of action; and second, that the complaint does not state a cause of action.

Upon the hearing at Special Term, such demurrer was overruled, and the defendants now appeal to the General Term.

As to jurisdiction, it is claimed by defendants, that if the power to sell exists at all, it is vested by acts of Congress in the admiralty courts which have exclusive jurisdiction. The authorities which I have been able to examine indicate beyond doubt, that admiralty courts do not exercise jurisdiction to sell vessels owned by tenants in common, held in unequal shares, upon their dispute as to the employment of the vessel. In such case the majority of the owners control the use of the vessel, and admiralty courts only take jurisdiction to compel security to be given to the minority of the owners, for the safe return of the vessel. If the majority refuse to use the vessel, the court will give its use to the minority

upon the same conditions. (*Steamboat Orleans* v. *Phoebus*, 11 Pet., 181; *Grant* v. *Poillon*, 20 How. [U. S.] Rep., 168; *Ousten* v. *Hebden*, 1 Wilson Rep., 101; 3 Kent Com., 152; *Tunno* v. *The Betsina*, 5 Am. Law Reg., 406.)

But when the opposing interests are equal so that no majority can control the conduct of the vessel, admiralty courts have ordered the sale, and a distribution of the proceeds. Such action is apparently taken to secure the employment of the vessel in the general interest of commerce, and not out of any consideration for the controversy about the title. (Story on Part., 437–439; *Davis* v. *The Seneca*, 18 Am. Jurist, 486, etc.) I find no other instance in which admiralty courts have ordered a sale of vessels, on account of disputes among the owners. The case of *Skrine* v. *Sloop Hope* (Bee Adm. R., 2), is not accessible to me. But assuming that it declares the jurisdiction of admiralty to sell in both classes of cases alluded to, I think I am justified in saying that it is at variance with the elementary authorities and reported cases. (*Ousten* v. *Hebden*, 1 Wils., 101; Story on Partner., §§ 438, 439; *Strelly* v. *Winson*, 1 Vernon [m. p.], 297; 3 Kent Com., 153, note 6; *Tunno* v. *Betsina*, 5 Am. Law Reg., 406, where its authority is questioned; 1 Pars. on Partner., 560.) The case of *Tunno* v. *The Betsina* (*ante*), contains a very interesting review of the subject.

I can see no reason why admiralty courts ought not to possess and exercise jurisdiction to order a sale in case of disagreement between owners, irrespective of their shares. Such a power exercised in the discretion of the court, could scarcely fail to subserve the interests of the well disposed owners, and defeat the malice or stupidity of the evil disposed owners.

But if it should be conceded that admiralty courts possessed such power, is their jurisdiction exclusive? By section 563, subdivision 8, United States revenue laws, District Courts have exclusive jurisdiction of all civil causes of admiralty and maritime jurisdiction, "saving to suitors in all cases the right of a common-law remedy when the common law is competent to give it."

By this exception admiralty and common-law remedies may be concurrent in some cases, and if so the right to the common-law remedy is not taken away. The mode of proceeding would be very different, but the end is the same. In admiralty the proceeding is

against the vessel only ; at common law the action is between the owners of the vessel, touching their ownership, or liability as owners of the vessel. The judgment or decree at common law affects only their interest in or title to the vessel. Admiralty seizes the vessel and proceeds against it by name, to enforce maritime liens growing out of maritime contracts or torts, and in such cases only is its jurisdiction exclusive. (*The Belfast*, 7 Wall., 624, 644 ; *In re Josephine*, 39 N. Y., 19.) But when vessels are within the territorial jurisdiction of the States, they are not exempt from the operations of the State laws for the collection of claims or the creation or enforcement of liens not founded upon maritime contracts or torts. (*Brookman* v. *Hamill*, 43 N. Y., 557.) This doctrine is well illustrated in the case of mortgages on vessels, which admiralty courts will not undertake to enforce (*Bogart* v. *Steamboat John Jay*, 17 How. [U. S.] R., 399), by reason of want of jurisdiction.

No reason is seen, therefore, why equity may not entertain jurisdiction for the partition, by sale and distribution of the proceeds of the vessel in controversy, if partition of personal property may be sought in equity.

This court, in the seventh district, has decided that very question in *Tinney* v. *Stebbins* (28 Barb., 290). Justice E. D. SMITH in that case says: " A court of equity is competent to give relief in such cases by decreeing the partition of the property, or a sale thereof where partition is impracticable, and a division of the proceeds." Citing *Smith* v. *Smith* (4 Rand., 95); *Kelsey* v. *Clay* (4 Bibb, 441). The case of *Tinney* v. *Stebbins* was an action in equity for the partition of personal property held by the parties in common. In *Tripp* v. *Riley* (15 Barb., 334), Mr. Justice JOHNSON says, tenants in common of personal property " were compelled to resort to equity, when they could not agree upon severance of their respective interests, and the common property was not in its nature severable." This language is cited with approval by MULLETT, J., in *Fobes* v. *Shallock* (22 Barb., 570). The same idea is conveyed by the opinion of Judge PRINDLE in *Lobdell* v. *Stowell* (37 How. Pr., 88; affirmed by the General Term of the sixth district, and approved by JOHNSON, J., in note to *Channon* v. *Lusk*, 2 Lans., 211, 216). Only one of these cases was an action in equity

for partition, and hence the language quoted was not necessary to the decision of such cases. They indicate, however, the sentiment and feeling of the courts.

By the civil law the same result is attained under an implied promise that the property held in common shall be sold, in case the owners cannot agree as to its management or disposition. (Just. Inst., lib. 3, tit. 27, 3.) So when liquids were mixed by consent or accident, the product became common property, termed *confusio*, and any owner could recover his own share by bringing an action, *communi dividendo*. (Domat, bk. 2, tit. 5; Institutes, *ante*.)

Under the authority of *Tinney* v. *Stebbins* (*ante*), which is directly in point, we must hold that an action for the partition of personal property may be brought in equity. The question has received little attention by the courts, but it is of very great consequence. Its importance will demand the review of the decision of this court by the Court of Appeals.

We have thus attempted to establish, as a principle of our law, that a court of equity has jurisdiction to entertain an action for, and decree a partition of, personal property between tenants in common.

We consider this power, however, like many other branches of equity jurisdiction, to be somewhat discretionary with the court, and we are not prepared to say that a tenant in common of personal property, as a matter of right, may, in all cases, bring a partition suit. It is enough, however, that in the present instance, good grounds are shown why the court, in justice to all parties, should entertain the action.

The order appealed from is, therefore, affirmed, with ten dollars costs and printing expenses.

The same decision is given in the cases of *Wm. Andrews, Admr.*, v. *Silas Betts et al.*, and *John S. Robinson* v. *Silas Betts et al.*, the three cases being argued as one, and the same order to be made in each.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order affirmed with ten dollars costs and printing, with leave to answer, etc.