Allen, J.
delivered the opinion of the court.
The court is of opinion, that the testator, by his will, treated all the slaves theretofore placed by him in the possession of his children, or any of them, together with the increase of such slaves, as slaves belonging to him, and subject to disposition by him. That, by his will, all his slaves, (except the two given to his widow,) as well those in his own possession, as those he had placed in possession of his children, were to be equally divided among his children in like manner as the residue of his personal estate was directed, to be divided. That by the expression in the will, “ or their value,” he did not intend to treat the slaves as advancements, the value of which was to be accounted for as at the time when they were advanced, but to give the loanees the privilege of retaining the slaves previously lent, upon their accounting for their value as at the time of the division. The court is further of opinion, that if any of said slaves so lent had died in possession of the loanee, the loss falls on the estate, and not on the loanee. And if, prior to such division, any of the slaves loaned or their increase have been sold by or passed out of the possession of the loanees, so that they cannot be produced for division in kind, such loanee should be charged with the value of such slaves and their increase as at the time of division, if it can be ascertained, if not the value at the time of the sale or when possession was parted with or lost.
The court is, therefore, of opinion, that the decree of the circuit superior court of law and chancery, affirming *407 the decree of the county court of Fauquier, is erroneous; therefore the same is reversed with costs in favour of the appellants: and this court, proceeding to make such decree as said court ought to have made, is of opinion, that the county court erred in decreeing that the slaves received by the parties from the testator in his lifetime, ought to be valued at the time when they respectively came to their possession. Therefore, the decree of the county court is reversed with costs to the appellants in the prosecution of their appeal in said circuit court expended; and the cause is remanded to be finally proceeded, in according to the principles of this opinion and decree.