ALLEN, J.
On the 5th of April 1836, the appellee as administrator instituted four actions against tne appellant in his character of administrator, two upon bonds executed by the testator of the appellant to William Cunningham, and a third upon a small bond executed by the testator of the appellant to Joshua Drinkard; the fourth was an action of assumpsit. On the same day a fifth action was instituted by the appellee as such administrator against the appellant as surviving obligor of his testator upon a fourth bond; and on the 6th of October 1836, the appellee as such administrator, instituted another action of assumpsit against the appellant individually.
On the 7th October 1836 the two actions of debt on the large bonds executed by the testator of the appellant to the appellee’s intestate, were consolidated on the motion of the appellant. Issues having been made up in these two cases upon pleas of payment accompanied with an account of offsets, an ineffectual effort to try them was made in October 1839; a jury was empanelled, but a juror was afterwards . withdrawn. The plea of payment was put in to each of the other two actions of debt, and the pleas of nonassumpsit and the statute of limitations to the two actions *of assumpsit. The six cases stood on these issues until the 10th of April 1840, when, by consent of parties, an order was made referring the six causes “to James Lyons and Raleigh T. Daniel, and in case of disagreement between them, then to Benjamin W. Heigh, and if he should refuse to act, then to Samuel Taylor, as the umpire to decide such difference for their arbitrament and award, which, when made by them or their umpire, and duly certified by them, should be entered as the judgment of the court.”
Mr. Heigh declined to act, and the two arbitrators, with Mr. Taylor, proceeded together to hear the testimony of the parties. The arbitrators being unable to agree, the umpire alone made out and returned his award on the 16th of April 1846. At a subsequent term the appellant having filed exceptions and moved to set aside the award, the court overruled the exceptions, confirmed the award, and proceeded’ to enter judgment in all the cases in pursuance thereof. From the four judgments against him the appellant has applied for and obtained writs of supersedeas, assigning for error the same matters which were relied on in the court below by way of exceptions to the award.
In his award, the umpire refers to the reports of the two arbitrators as showing that they had differed in each case, and that therefore the contingency had occurred which made it his duty to decide the six suits referred. It is argued here that in this conclusion, the umpire misconstrued the extent of his authority that under the submission, it was not his function to decide the six suits referred, but merely to settle the differences between the arbitrators ; and that in effect, it was a submission to the award of any two of the three who might agree on an award. This, it seems to me, is rather a forced and technical construction of the order of reference. The causes were referred to the arbitrators in the first instance; if they agreed, there *would be no occasion for the intervention of the selected umpire. There was no necessity, although in view of a possible disagreement, it was convenient and legal for the umpire to act with them in investigating the facts; but he could have acted separately after such disagreement. They would scarcely have provided for an umpire, if they had contemplated it as no more than a mere submission to three arbitrators, with authority to any two to make an award. If they had so designed, they would have provided that the arbitrators with the umpire should make the award; and not that the umpire in case of disagreement, should decide the difference. An umpire means a sole arbitrator, one who is to make an end of the matter, if the others cannot. 1 Bac. Abr. 319, Arbitrament and Award, letter D. In providing for an umpire to settle such difference in case of a disagreement between the arbitrators, they must have intended that he should be empowered to do what the term implied, and what the arbitrators had been unable to accomplish, that he should make his own award. If his sole function was to settle isolated questions upon which the arbitrators disagreed, in conformity with the views of one or the other, and he should have differed from both, as was the fact, there could have been no award, as two could not have concurred in any conclusion. The parties never contemplated such a state of things; for in the same clause they pro *339 vide that the award when made by them or their umpire, and certified by them, shall be entered as the judgment of the court, showing that they looked to the contingency of a sole award by the umpire. As the arbitrators disagreed in each case, it became the duty of the umpire to decide all the cases: -And no question arises as to what would have been the consequence, if the arbitrators had agreed as to one or more of the cases, and disagreed as to the others. The umpire sets out the facts *as they actually existed, a disagreement between the arbitrators in each of the six cases, and concludes that the duty had devolved on him as umpire, by the terms of the submission, to decide all the cases. In this it seems to me he did not misconstrue the order of reference, or transcend his authority.
The award of the umpire is a simple judgment that the appellant should pay to the appellee so much money and the costs in each of the four actions of debt; and in the two actions of assumpsit, he decided that a recovery was barred by the statute of limitations, and therefore awarded that they should be dismissed with costs to the appellant. No explanation is given. None of the grounds, or principles, or calculations, on which the award rests, so far as it respects the cases in which the award was against the appellant, appear either upon the fact of the award, or on any paper annexed to it, or referred to by it, or from any certificate or statement of the umpire returned since. Nor has his deposition been taken in the case.
The principle has been so often adjudicated in this and other courts that an award cannot be set aside except for errors apparent on its face, misconduct in the arbitrators, some palpable mistake, or fraud in one of the parties, that it would be useless to refer to authorities to sustain the proposition. The rule „as to palpable mistakes does not comprehend errors of judgment in its fair exercise upon the matter. Tor as was said by the chancellor in Knox v. Symmonds, 1 Ves. jr.’s R. 369, an award cannot be set aside for a mere error in judgment in the arbitrator; for they refer their disputes to his judgment, and that would be a gvround for setting aside every award. In Dick v. Milligan, 2 Ves. jr.’s R. 23, the suits arose out of partnership transactions ; and an order of reference was made which expressed that the arbitrators were to take an account of all the dealings in like manner as if the same had been ^referred to a master; and that they should be bound by the award. The court remarked there was a great difference between a report of the master and an award. An arbitrator is constituted judge of the facts without appeal; the master is to prepare the case for the court, the real judge, and the master is only the minister; whereas in the other case, the arbitrator is the judge and not the court.
The first error assigned is that the arbitrators admitted illegal evidence.
There is nothing on the face of the award or referred to by the umpire, to show on what evidence he. acted. It appears from the evidence of the clerk of the court,- that all the papers tied up in a bundle and delivered to one of the attorneys of the plaintiff in error, were returned to the officer, and delivered to him along with the award: and no evidence was given of any other delivery of the award: and all those papers are copied into the record. Amongst them is a brief record of the testimony, proved by the arbitrators to have been written down by one of them as it was given in before them, intended as a memorandum of the testimony, for the convenience of the arbitrators and umpire, instead of a separate memorandum by each. That exceptions were taken at the time to the admissibility of portions of the evidence, but the evidence was recorded, reserving the question of the legality or illegality of the testimony for decision when the arbitrators should come to consider and decide the controversy. The arbitrators were the counsel of the parties who had attended to the suits from the commencement of the litigation; the umpire, one of the most learned and distinguished ornaments of the profession. In Sharman v. Bell, 5 Maule & Sel. 504, it is said, where the merits in law and in fact are referred to an arbitrator of common knowledge, as we must presume a gentleman of the bar to be, the court will *not open the award unless something can be alleged amounting to perverse misconstruction of the law, or misconduct in the arbitrator. Here nothing of that kind is - alleged. The arbitrators could not say that the evidence was improper or incompetent until they knew what it was. They noted it down, reserving all legal objections; and the presumption is, in the absence of all evidence to the contrary, that, as both arbitrators and umpire were selected no doubt in part for their high legal attainments, all improper testimony would be discarded from their consideration, when they came to consider and decide the controversy.
The second error is, that upon the bond falling due on the 21st of March 1819, interest is allowed from the 21st of March 1819, instead of from the 21st of March 1820, upon the balance awarded, and a statement is referred to showing the mistake. The statement is no part of the award, but the mistake was palpable, being a mere error in adopting the time at which the bond fell due instead of the period at which the last credit was allowed, and it was remedied when judgment was entered, by the release of the interest for a year.
The third, fourth and fifth errors relate to the application of credits, the refusal to allow sundry payments claimed by the plaintiff in error appearing in a book referred to, and other items shown by documents and statements delivered by the umpire along with the award, to be proper credits. It is sufficient to say, in regard to the matters relied on in these assignments of error, that there is nothing on the face of the award, *340 or any paper made a part of it or referred to by it, which can be looked to on this enquiry. The exceptions, moreover, proceed apparently upon the idea that the court is to deal with the award as if it were the report of a master commissioner. It is manifest these ^exceptions involve most of the matters in dispute, and which were submitted to the judgment of the arbitrators; and, in the language of one of the judges in the case of Morgan v. Mather, 2 Ves. jr.’s R. 15, it would be a melancholy thing to set aside an award on matter of fact, because the-court differed from the arbitrators in judgment.
If it were proper, therefore, to look behind the award, an error of judgment on the part of the umpire in regard to the facts could not be corrected by the court. The entries in the book referred to, if prima facie, were not conclusive evidence, and the weight to which they were entitled in connection with the other evidence, was a matter for the consideration of the umpire, and his judgment is conclusive.
The sixth assignment of error relates not to the conduct of the umpire, but of the arbitrators. That, if well founded, could not affect the validity of the umpire’s award, provided they disagreed.
But there would seem to be no foundation for the exception. After the evidence closed, each arbitrator considered the matters submitted to them. They made out notes of the result, of their examination, which were interchanged; and not agreeing, each made out his own report. Considering the character of the accounts submitted, this was, perhaps, the most satisfactory mode of comparing their views.
As- to their failure to decide upon the admissibility of the testimony, that, so far as respects the umpire, has already been considered.
The last error assigned is, that the .Circuit court erred in entering a judgment in favor of the defendant in error against the plaintiff in error for costs in the second suit. This, even i.f well founded, is - too minute a matter to be entitled to any weight. The two suits were consolidated, and the court gave judgment for the costs incurred before the order of consolidation, *excluding an attorney’s fee and the tax on the writ. The costs recovered, therefore, are the clerk’s and sheriff’s fees. The motion to consolidate is addressed to the discretion of the court. There may be a good reason for bringing separate actions, though all might have been joined. And the amount of costs to be allowed, after an order of consolidation, is a subject for the consideration of the court directing the consolidation, and should be left to its discretion.
I think the judgments should be affirmed.
The other judges concurred in the opinion of Allen, J.
Judgment affirmed.
ARBITRATION AND AWARD.
I. Definition.
II. The Submission.
1. Rules of Construction.
2. Parties to the Submission.
3. Effect of Submission.
4. Revoking- the Submission.
III. The Arbitrator.
1. Who May Be an Arbitrator.
2. Nature and Extent of Authority.
3. Duties.
4. Umpire or Third Arbitrator.
IV. The Award.
1. Requisites.
a. Conformity with the Submission.
b. Mutuality and Finality.
c. Certainty.
2. Validity.
a. Fraud.
b. Mistake.
c. Misbehavior in Arbitrators.
3. Construction of Awards.
4. Effect of the Award.
5. Enforcing the Award.
a. In General.
b. Specific Performance.
6. Equitable Relief against Awards.
7. Pleading and Practice.
8. Appellate Proceedings.
I. DEFINITION.
Arbitration and award is where the parties injuring and injured, submit all matters in dispute concerning any property, real or personal, or any wrong or injury, to the judgment of one or more persons called arbitrators, who are to decide the controversy, and if there are two or more of them it is usual to provide that in case they do not agree, another person shall be called in as umpire to whose sole judgment , it is then referred, 4 Min. Inst. (3d Ed.) 176.
II. THE SUBMISSION.
1. RULES OF CONSTRUCTION. — The ancient principle, that agreements for the final settlement of disputes by arbitration were against the policy of the law and void because tending to oust the courts of their jurisdiction, is against the spirit of modern times, and courts now are very liberally inclined towards the submission of matters to arbitration, and place as liberal a construction upon the submission as the intention of the parties justify. The intention of the parties is the guiding star in construing the submission. Condon v. Southside R. Co., 14 Gratt. 302; Gas Co. v. Wheeling, 8 W. Va. 320.
In Gas Co. v. Wheeling, 8 W. Va. 320, the court said : “In construing a submission, regard is principally to be paid to the intention of the parties, and a fair and liberal construction is to be adopted without too great verbal accuracy. The court will reject insensible words and endeavor to uphold the submission according to the intention of the parties. ”
2. PARTIES TO THE SUBMISSION.
Infants. — An infant by reason of his general inability to make a valid contract, except for necessaries, does not possess the requisite legal capacity to make a valid submission to arbitration. The submission of an infant, however, is not absolutely void, but only voidable, and is capable of being ratified or disaffirmed by him upon attaining his majority. A submission by an infant, even though with an adult, is not binding on either party and it should not be sanctioned, even though *341 the submission is by rule of court, and the award in his favor. Britton v. Williams, 6 Munf. 453.
Attorneys. — An attorney at law as such, has no inherent authority, before or after the institution of a suit, to make an agreement in pais, to submit his clients’ cause to arbitration, though if his clients are adults he may consent in open court to submit their cause to arbitration and they will be bound thereby. McGinnis v. Curry, 13 W. Va. 29.
Executors and Administrators. — Executors and administrators, or other fiduciaries, by virtue of their office, have authority to submit to arbitration any matter in controversy touching the estate of their intestate; and the award made in pursuance to such submission binds the estate. Wheatley v. Martin, 6 Leigh 62; Merrit v. Smith, 6 Leigh 486; Nelson v. Cornwell, 11 Gratt. 724: Wamsley v. Warnsley, 26 W. Va. 45.
But where an executor makes an improvident submission to arbitration and injustice results to the estate thereby, he is liable as for a devastavit. Wheatley v. Martin, 6 Leigh 62; Merrit v. Smith, 6 Leigh 486; Nelson v. Cornwell, 11 Gratt. 724.
Where an executor made an improvident submission to arbitration, as to part of his testator’s property which had been specifically bequeathed, and the result of the submission being that the property was left in his hands as his own property he being compelled to pay for it, the legatee was held not precluded by the award from recovering the specific property. Nelson v. Cornwell, 11 Gratt. 724.
Where a submission is made by rule of court, and a party to the submission dies, the suit may be revived by the personal representative of the party, and the cause may be proceeded in without any new submission. Wheatley v. Martin, 6 Leigh 62.
Deputy Sheriff. — A deputy sheriff to whom the administration of a decedent’s estate has been committed, has no authority to submit to arbitration a suit revived in the name of the sheriff as administrator, to which the deceased, in his lifetime, was a party. Thompson v. Thompson, 6 Munf. 514.
Overseers of the Poor. — The overseers of the poor are a body corporate capable of maintaining a suit, and a submission of a claim by them to arbitration is valid and binding. Chapline v. Overseers. 7 Leigh 231.
Municipal Corporations. — A submission to arbitration by a municipal corporation under authority of special legislation is valid. Gas Co. v. Wheeling, 8 W. Va. 320.
Partners. — One partner has no authority by virtue of the partnership relation, to bind his copartner by an agreement to submit claims or transactions growing out of the partnership business to arbitration, but the partner who makes such agreement is bound thereby, and the agreement is valid and binding between the parties thereto. Wood v. Shepherd, 2 P. & H. 442; Fletcher v. Pollard, 2 H. & M. 544.
Where a claim by a° party against a firm was submitted to arbitration, and only one of the two members of the firm was a party to the submission, the fact that other partner was not a party to the submission was no objection to the award, as he was not bound by it, but only the party who agreed to the submission. Forrer v. Coffman, 23 Gratt. 871; Fletcher v. Pollard. 2 H. & M. 544.
Heirs and Distributees. — Where some of several heirs or distributees submit their interests to arbitration, the submission and award made in pursuance thereof are binding on them, so far as their interests are concerned. Smith v. Smith, 4 Rand. 95; Boyd v. Magruder, 2 Rob. 761.
Purchaser of Property. — Where a dispute arises between a purchaser of property and a third party as to the ownership of the property, the purchaser cannot submit the matter to arbitration without authority from the vendor to do so: and if he does make such submission without authority, he has no remedy against the vendor where the award is made against him. Dust v. Conrod. 5 Munf. 411.
Parties to Suit after Judgment by Default. — After judgment by default has gone against the defendant and a writ of inquiry of damages has been awarded, a submission to arbitration may be made by the parties to the action without setting aside the judgment by default, and the submission is valid. Sutton v. Dickinson, 9 Leigh 142.
3. EFFECT OF SUBMISSION.
No Bar to a Suit at Law or in Equity. — An agreement to submit a claim to arbitration, not consummated by an award, is universally held to be no bar to a suit at law or in equity. Corbin v. Adams, 76 Va. 61; Rison v. Moon, 91 Va. 384, 22 S. E. Rep, 165.
A provision in a contract that the differences arising under it shall be submitted to arbitrators thereafter to be chosen, will not prevent a party maintaining an action in the first instance in a court to enforce his rights under it. Kinney v. Baltimore & Ohio Employees' Association, 35 W. Va. 385, 14 S. E. Rep. 8.
Where the Award Is to Be Made Decree of Court.— Though consent of parties cannot give jurisdiction to a court of equity; yet, after an injunction granted improperly, if the parties refer all matters in difference between them in that suit to certain arbitrators mutually chosen: consenting that their award may be made the decree of the court, such consent is binding; the whole case, including the question of law, being thereby transferred to the arbitrator. Brickhouse v. Hunter, 4 H. & M. 363.
Release of Errors. — The submission to arbitration of a pending suit, operates as a release of all errors up to the time the submission was made. Ligon v. Ford, 5 Munf. 10.
4. REVOKING THE SUBMISSION.
The General Rule as to Revocation. — Tn the absence of statute upon the subject, it is the well-established rule that either party may withdraw from an agreement to arbitrate a cause of action, at any time before the award is made, and the only remedy afforded the aggrieved party is an action at law for damages for breach of the agreement to submit. The agreement to submit is no foundation for a suit for specific performance. Rison v. Moon, 91 Va. 384, 22 S. E. Rep. 165; Corbin v. Adams, 76 Va. 61; Long v. Long, 5 Call 431.
After the arbitrators have acted and rendered an award the case is very different. Their decision is binding upon the parties, and can be successfully impeached, only upon grounds which would invalidate any other judgment. Corbin v. Adams, 76 Va. 61; Rison v. Moon. 91 Va. 384, 22 S. E. Rep. 165.
West Virginia Statutory Rule. — Where an order is made by consent in a justice’s court, submitting the matter in controversy to arbitration, the submission is not revocable except by order of the justice, under the statute, and that submission is a bar to a second suit for the same cause. A plea of such submission to arbitration, filed in a subsequent action *342 in a circuit court on the same cause of action, must be in abatement, not in bar, and comes too late after pleas in bar have been filed. Riley v. Jarvis, 43 W. Va. 43, 26 S. E. Rep. 366.
Under ch. 108, Code of W. Va., an agreement to submit a controversy to arbitrators, which provides that the award shall be entered as the judgment of the court, cannot be revoked by a party without leave of such court. Stiringer v. Toy, 33 W. Va. 86, 10 S. E. Rep. 26.
Revocation of Submission under Rule of Court — Pre= sumption. — Where a case has been submitted to arbitration under a rule of court, and the order is subsequently set aside on motion of one of the parties, and it appears on the face of the record that all of the parties were present and no objection was made, although not made by consent, the appellate court must presume that the order, so setting aside the submission, was properly made. Pendleton v. Bartons, 4 W. Va. 496.
III. THE ARBITRATOR.
1. WHO MAY BE AN ARBITRATOR.
Party Known to Be Partial before Appointment.— Parties who really intend to h'ave their rights decided by impartial judges are entitled to insist that all of the arbitrators shall be impartial. But if they are content to submit questions in controversy to those who are known to have formed and expressed opinions upon the subject-matter, or who are known to have partialities and prejudices.for or against the respective parties, an award made by such arbitrators is binding. Wheeling Gas Co. v. City of Wheeling, 5 W. Va. 448.
Partisans. — Partisanship in an arbitrator in favor of the party selecting him will be sufficient ground for disqualification, unless both parties select partisans. Wheeling Gas Co. v. City of Wheeling, 5 W. Va. 448.
Party Who Expressed Opinion before Appointment.— The fact that an arbitrator, before his appointment as arbitrator, expressed his opinion as to the merits of the controversy, is not sufficient to invalidate the award, where there is no evidence that the party selecting him knew that he had expressed such an opinion. Wheeling Gas Co. v. City of Wheeling, 5 W. Va. 448.
2. NATURE AND EXTENT OP AUTHORITY.
Coextensive with Submission. — Arbitrators have no power except those which are delegated to them in the submission. Their award must, therefore, be limited to such matters as are submitted to them, and if they exceed the limit of the submission, they act without authority, and in the assumption of powers not delegated. Shipman v. Fletcher, 82 Va. 601; Dunlap v. Campbell, 5 W. Va. 195; Providence Ins. Co. v. Board of Ed. (W. Va. 1901), 38 S. E. Rep. 679.
Authority Cannot Be Delegated. — The authority of an arbitrator cannot be delegated to an agent. Shipman v. Fletcher, 82 Va. 601. In this case the arbitrators appointed other persons to examine the accounts and vouchers in the case, and adopted their conclusions without examining the vouchers themselves. This was held sufficient ground for setting aside the award.
Rule of Decision. — When parties submit to arbitration their rights involved in law arid facts, they are understood to submit the facts to the arbitrators, to be decided according to law ; and if it appear upon the face of the award, that they grossly mistook -the law, the award will be set aside. But where it appears, that the parties intended to submit the question of law alone, the decision of the arbitrators is binding though contrary to law. Smith v. Smith, 4 Rand. 101.
Excess of Authority. — Where arbitrators exceed the authority conferred upon them by the submission, their award is void, unless the excess can be separated from the part which is within the submission. Martin v. Martin, 12 Leigh 495; Moore v. Luckess, 23 Gratt. 160; Lynchburg, etc., Asylum v. Ford, 25 Gratt. 566; Swann v. Deem, 4 W. Va. 368; Dunlap v. Campbell, 5 W. Va. 195; Austin v. Clark, 8 W. Va. 236.
When Ex Parte Hearing Is Proper. — Where the parties have received notice of the time and place of the hearing of the case, and have not appeared, the arbitrators are the judges as to whether it is proper to proceed in their absence; and they may always do so unless there is some understanding express or implied, to the contrary. Boring v. Boring, 2 W. Va. 297.
Opening Case to Hear Evidence. — The opening of the case for further evidence at the instance of one of the parties, after it has been closed and the case submitted, is primarily a matter in the discretion of the arbitrators and not of strict legal right; and unless they plainly err in the exercise of that discretion and it clearly appears that injustipe has been done thereby, the court should not set aside their award for that reason. Tennant v. Divine, 24 W. Va. 388.
Authority to Award Damages — Speculative Damages. —Upon a bond given by a deputy sheriff, to indemnify and save harmless the high sheriff, the arbitrators are justified in allowing all damages which the high sheriff has actually sustained which may be reduced to a money value, but they cannot allow mere speculative damages, such as for trouble, anxiety, etc. Holcomb v. Flournoy, 2 Call 433.
Substituted Arbitrator. — Where an order is entered in court with consent of parties, submitting all matters in difference to two arbitrators and their umpire, and at the trial of the case before the arbitrators there is indorsed on the order an agreement by all the parties to change the submission by adding the name of a third arbitrator, the decision of two to be final, and erasing the clause in regard to the umpire, and the case is heard before these three arbitrators and an award returned, the award is binding on the parties. State v. Rawson, 25 W. Va. 23.
If, pending a suit, the parties by an order of court submit the matter in controversy to arbitrators, whose award is to be made the judgment of the court, and afterwards, by an agreement under seal, appoint a substitute for one of them, agreeing that an award, to be made by the remaining referees and said substitute, shall be entered as the judgment of the court, the award may be so entered without any previous order of the court confirming the appointment of the substitute. Manlove v. Thrift, 5 Munf. 493.
Duration of Authority — Waiver of Objection. — The duration as well as the extent of the authority of the arbitrator is limited and controlled by the submission. Where there is a stipulation in the submission as to the time within which the award shall be made, it must be made within that time. But the parties to the submission may either expressly or impliedly extend the time of making the award. Consent to such extension is implied when the parties after the time has elapsed proceed with the *343 arbitration without objections. Mathews v. Miller, 35 W. Va. 817.
Termination of Authority. — As soon as the award is made the authority of the arbitrators is gone, and they are functus officio. They have no power to change an award after it is made and if they attempt to do so effect may be given to it in its original form. Rogers v. Corrothers, 26 W. Va. 238.
3. DUTIES.
Must Be Impartial. — Arbitrators are called upon to execute a joint trust and ought to look impartially at the true merits of the matter submitted to their judgment, without reference to the manner in which the charge has been placed upon them. In no case can they become an advocate, or act as agent, for the party appointing them. Wheeling Gas Co. v. City of Wheeling, 5 W. Va. 448.
It is not a conscientious intent to be honest, on the part of the arbitrator, nor his conviction that he is so, that can suifice. His external action will be subjected to scrutiny, and if these do not satisfactorily bear the test the award will be invalid. There may be ample misconduct in a legal sense to make the court set aside an award, even where there is no groundforiinparling the siightestimproper motives to the arbitrators. Wheeling Gas Co. v. City of Wheeling. 5 W. Va. 448.
Must Act Uprightly. — An award of arbitrators will be set aside on the ground of circumstances in their conduct, amounting to misbehavior though not to corruption, and resulting in injustice to one of the parties. Lee v. Patillo, 4 Leigh 436; Dawson v. Winslow, Wythe 114; Shipman v. Fletcher, 82 Va. 601.
Must Unite in the Award. — Unless the statute or submission, under which the arbitrators act and •derive their authority, provide to a contrary effect, or unless a contrary intention of the parties can be clearly and unmistakably gathered from the submission and attendant facts, the rule is general and imperative that all the arbitrators must unite in the award in order to render it valid. A different rule, however, is allowed to prevail in matters of public concern. Gas Co. v. Wheeling, 8 W. Va. 320.
When a Majority Award Is Sufficient. — Where the submission expressly provides that an award made by a majority shall be valid, this, of course, will control, as it is competent for the parties to extend by the submission the authority ordinarily possessed by the arbitrators. Wheatley v. Martin, 6 Leigh 62; Coupland v. Anderson, 2 Call 106.
Where the authority of the majority to make a valid award can be implied from the nature of the submission the award by the majority is valid. Where a submission is made to two arbitrators and an umpire to be selected by them, an award signed by one of the arbitrators and the umpire is valid, as this mode of submission necessarily implies an authority to two to make the award. Stiringer v. Toy, 33 W. Va. 86, 10 S. E. Rep. 26; Doyle v. Patterson, 84 Va. 800, 6 S. E. Rep. 138.
As to Receiving Evidence. — Arbitrators should not admit improper evidence, and if they do their award is thereby invalidated, and this is true even though they say that their opinions were formed before such evidence was received. McAlister v. McAlister, 1 Wash. 193; Jenkins v. Liston, 13 Gratt. 535.
Receiving evidence of one party without the knowledge of the other is erroneous, and will invalidate the award. Tate v. Vance, 27 Gratt. 571; Jenkins v. Liston, 13 Gratt. 535.
Where arbitrators unreasonably refuse to hear competent witnesses offered by either party this will vitiate the award. Fluharty v. Beatty, 22 W. Va. 698.
Where evidence is offered, at the trial before arbitrators, impeaching the credit of witnesses who have been allowed to testify, the evidence should be received, and a failure to hear such evidence will vitiate the award. Ligon v. Ford, 5 Munf. 10.
Duty of Notifying the Parties. — It is a well-established rule that no judicial tribunal can adjudicate the rights of parties unless such parties are rotified of the proceedings and have an opportunity to be present. This rule is as applicable to a proceeding before arbitrators as well as before any other forum. Shipman v. Fletcher, 82 Va. 601; Miller v. Kennedy, 3 Rand. 2; Boring v. Boring, 2 W. Va. 297; McCormick v. Blackford, 4 Gratt. 133; Dickinson v. Railroad Co., 7 W. Va. 390.
Where arbitrators decide the matters referred to them, in the absence of the parties in interest, or their agents or attorneys, or without having given them notice of the time and place of their proceedings, it is generally such misconduct as will warrant a court of equity in setting aside the award, at the instance of either party materially interested, who did not have notice, and was absent, unless such party has waived notice. Dickinson v. Railroad Co., 7 W. Va. 390.
Notice Where Submission Is by Act of Parties. — If notice of the time and place of making an award be necessary, the defendant in an action on the award, where the submission is by act of the parties, cannot avail himself of the w'ant of it, nor can he avail himself of any other extrinsic circumstances whatever; his only relief in such case is in a court of equity. This rule does not apply where the submission is by order or rule of court. Miller v. Kennedy, 3 Rand. 2.
Notice in Case of Adjournment. — If arbitrators cannot complete the matters referred, on the day fixed by the submission, they may adjourn from day to day, until the hearing and award is complete; and if the parties in interest were notified of the original meeting and did not attend, it is not necessary to give notice of the continuance. Boring v. Boring, 2 W. Va. 297.
Must Not Decide in Absence of Parties. — Hearing and deciding the cause in the absence of the parties and without notice to them of the time of the hearing is such misconduct on the part of the arbitrators as will vitiate their award. Tate v. Vance, 27 Gratt. 571; McCormick v. Blackford, 4 Gratt. 133; Shipman v. Fletcher, 82 Va. 601.
4. UMPIRE OR THIRD ARBITRATOR.
Nature of His Duty. — An umpire is a person whom two or more arbitrators select under authority of the parties to the submission. His function is to decide the controversy which the arbitrators had been unable to decide. He is not to act in conjunction with them but as a substitute for them. He is, as it were, a sole arbitrator with the same duty of hearing the whole case de nooo, that would have devolved upon him, had he been originally appointed alone. Rogers v. Corrothers. 26 W. Va. 245; Rison v. Berry, 4 Rand. 275; Bassett v. Cunningham, 9 Gratt. 684.
Time of Appointment of Umpire. — Where the submission contains no special provision as to time, the umpire may be chosen before the arbitrators enter upon the hearing. They need not wait until the time limited for the making of the award has expired. Rogers v. Corrothers, 26 W. Va. 238; Rison v. Berry, 4 Rand. 280.
*344 Umpire Must Hear the Evidence De Novo. — -Where an umpire is .called in to act, upon the disagreement; of the arbitrators, it is necessary to give notice of the appointment of the umpire to the parties in interest and give, them an opportunity to produce evidence before the umpire or third arbitrator. It is not legal for the umpire to derive his knowledge from the arbitrators in absence of the parties .in interest. The case must be reheard by the umpire. Coons v. Coons, 95 Va. 434, 28 S. E. Rep. 885.
Umpire flay Differ from Both Arbitrators. — Where matters are.referred to two arbitrators by order of court, and in case of their disagreement, to their umpire, and there is a disagreement between the arbitrators, and the whole matter is decided by the umpire, his decision is valid and conclusive’though he differs from both arbitrators! -Bassett v. Cunningham, 9 Gratt. 684.
Joint Award by Umpire and Arbitrators. — Where a submission is made of all matters in difference lia á pending suit to’tvto persons and'such umpire as they shall choose, their award to be made the judgment of court, a joint award by the arbitrators and umpire is-valid. Rison v. Berry, 4 Rand. 275.
Decision by Umpire before Time Appointed. — Where parties entered, into an arbitration bond, referring: a certain matter in dispute to arbitrators, who were to make their award by a certain day, and if they should not agree, to the umpire chosen by them; upon which the arbitrators finding that they could not agree, chose an umpire, who made his umpirage before the day appointed for the arbitrators to make their award, such umpirage was held to be good. Richards v. Brockenbrough, 1 Rand. 449.
Evidence to Show Signature to Be That pf Umpire.— Although an award does not state that a third person who signed it has been chosen .by the arbitrators as umpire, yet this. fact may be proved ,by extrinsic evidence. If the third person.who signed the award be a mere stranger, this would not vitiate the award. Rison v. Berry, 4 Rand. 275.
IV. THE AWARD.
1. REQUISITES OP AWARDS.'
a. Conformity with the Submission.
General Rule as to Conformity. — It is a well-established rule that awards’must conform to the submission to arbitration ; and. awards which do not conform to the submission are void. Taylor v. Nicolson, 1 H. & M. 66; Wood v. Shepherd, 2 P. & H. 442; Moore v. Luckess, 23 Gratt. 160; Dunlap v. Campbell, 5 W. Va. 195; Austin v. Clark, 8 W. Va. 236.
Presumption .Favors Award. — 'Upon, the question whether an award is within the. terms» of the submission, all fair presumptions .shall be made in favor of the award ; and if, on any fair presumption, the award maybe brought within the,-submission, it should be sustained. Pollock v. Sutherlin, 25 Gratt. 78; Richards v. Brockenbrough, 1 Rand. 449; Coons v. Coons, 95 Va. 438, 28 S. E. Rep. 885; Armstrong v. Armstrongs, 1 Leigh 491.
An award which inaccurately requires the surety in the .arbitration bond to pay money as;well as the principal, .will nevertheless be sustained; such clause will only be regarded as surplusage. Richards v. Brockenbrough, 1 Rand. 449; Taylor v. Nicolson, 1 H. & M. 66.
Although the bond of submission states .that “divers disputes have arisen’.-'and the. arbitrator?» render an award for one matter only, yet the award will be good, unless R appears that something else. was in dispute between the parties. Horrel v. McAlexander, 3 Rand. 94.
Where the Excess Is Separable. — Where an award settles matters which are, and other matters, which are not, within the submission, the court may reject.the excess, and render judgment on so much of the award, as is within the submission if it can be separated. Martin v. Martin, 12 Leigh 495; Lynchburg, etc., Asylum v. Ford, 25 Gratt. 566; Moore v. Luckess, 23 Gratt. 160; Taylor v. Nicolson, 1 H. & M. 66.
Must Pass upon All Hatters Submitted. — An award to be valid must, adjudicate all matters submitted, and if it leave, any such matters open for future controversy, if is invalid. Bean v. Bean, 25 W. Va. 604. In this, case two suits were pending between the* same parties and an. order was made submitting both cases to arbitration, and an award was made in one case of the matters involved in that only without,passing upon the .other. The award was held invalid because not passing upon all the matters submitted. ,
Effect Where It Passes upon AII Matters Submitted. —Where an award is in pursuance of the agreement to submit, decides all the questions referred, and responds to all the requirements of the submission to arbitration it cannot be void for uncertainty or want of mutuality. Wood v. Shepherd, 2 P. & H. 442.
Set-Off. — Where a pending action of assumpsit is submitted to arbitration, with no account of set-off filpd-with the plea, the arbitrators cannot allow the defendant to prove a set-off, because this is not within the submission ; and if they do allow it the award is erroneous. Swann v. Deem, 4 W. Va. 368; Austin v. Clark, 8 W. Va. 236; Moore v. Luckess, 23 Gratt. 160.
Sealing No* Necessary Even Though Required by the Submission. — It is not fatal to an award otherwise good .and in writing, that it is not under seal,, when the submissiqn requires that it be sealed. Mathews v. Miller, 25 W. Va. 817.
Where Submission Is Restrained by Prior Agreement. —In Clarke v. Reins, 12 Gratt. 98, an order of reference was made in a pending action,of ejectment, by which all matters in difference between the parties were submitted to arbitration. But this order was nifide in pursuance of an agreement in writing under seal, between the same parties, to. refer *the single question of ,the value of the land in controversy ; the defendants agreeing to give; the plaintiffs for the larid, the price fixed upon it by the arbitrators. It was held, that the order of reference was to be construed with regard to the agreement, and therefore, .an award which only fixed the value of the land was in accordance with the submission and valid.
b. Mutuality and Finality..
What Is Sufficient Compliance with This Rule. — The award must be mutual, and final, but where it is within the submission and the arbitrators award a .certain sum to be paid by one party to the other without requiring,a release to be executed on the payment of the sum, it is mutual and final, because its legal effect is to discharge.the party paying the money, from all demands within the submission by the party who receives the money. Horrel v. McAlexander, 3 Rand. 94; Doolittle v. Malcom, 8 Leigh 608; Fluharty v. Beatty, 22 W. Va. 698.
Delivery Not Essential. — It is a well-established rule that where an award is in pursuance of the submission, final in its character, signed by the *345 arbitrators, and read to the parties as and for their award, it is complete and final and delivery is not essential to its finality. Pollard v. Lumpkin, 6 Gratt. 398; Byars v. Thompson, 12 Leigh 550. Delivery is notnecessary unless thesubmission expressly provides for it. Byars v. Thompson, 12 Leigh 550.
Reservation of Right to Reconsider. -Where arbitrators reserve to themselves a right to reconsider a claim which they allow the party against whom they make their award, and then complete the award without reconsidering this claim, the award is good and final for the sum awarded, and the reservation to reconsider is void. Byars v. Thompson. 12 Leigh 550.
Old Doctrine of Mutuality. — The doctrine requiring awards to be mutual, in the sense in which it was formerly understood, is now exploded. Horrel v. McAlexander, 3 Rand. 94.
c. Certainty.
Rule as to Certainty. — An award which is uncertain on its face, and does not refer to something else by which it may be made certain, is void. When an award is void for uncertainty, the parties may assert their demands in any mode or form of action which they could have maintained before entering into the bond of submission. Cauthorn v. Courtney, 6 Gratt. 381: Rogers v. Corrothers, 26 W. Va. 238; Dunlap v. Campbell, 5 W. Va. 195.
Capable of Being Made Certain. — An award which determines the boundary of a tract of land by making references to such objects that any competent surveyor could ascertain the boundary, is certain and definite, upon the principle that “that is certain which is capable of being made certain.” Rogers v. Corrothers. 26 W. Va. 238.
An award is sufficiently final and certain though the arbitrators refer to a report previously made by a commissioner in chancery, and declare in general terms their concurrence therewith, instead of specifying the particulars or substance thereof in the award itself; and the fact that they further submit to the court the propriety of their award in point of law, and furnish the court with the grounds and reasons for their award does not invalidate it. Brickhouse v. Hunter. 4 H. & M. 363.
Specific Sum. — An award that one party shall pay a specific sum to the other, being written on the back of the submission bond, must be taken to settle all matters therein submitted, and is therefore sufficiently certain and final. Doolittle v. Malcom, 8 Leigh 608.
But an award that one of the parties should refund the sum which the other had paid for certain cora, without the amount or referring to anything to make it certain, was held void. Cauthorn v. Courtney. 6 Gratt. 381.
“Costs of Suit.” — -An award that the defendant should pay to the plaintiff a sum of money and the “costs of suit” was held good without ascertaining the amount of the costs, or in what court the suit was pending, and without directing a release to be executed or the suit to be dismissed. Macon v. Crump, 1 Call 575; Coupland v. Anderson, 2 Call 88.
2. VALIDITY.
a. Fraud.
Fraud in Procurement. — An award procured through the fraud of one of the parties to the submission, will be set aside for that cause by a court of equity in a proper case. Dickinson v. Railroad Co., 7 W. Va. 390; Bierly v. Williams. 5 Leigh 700
Fraud in Procuring Arbitration Bond. — Where the arbitration bond which contains the submission is procured by the fraud of one of the parties, this is sufficient ground on which to impeach the award, unless the fraud has been condoned. Fluharty v. Beatty, 22 W. Va. 698.
Fraud in Estimates by Engineer. — Where a railroad company and a contractor agree that the final estimate of a certain engineer shall be conclusive upon the parties to the contract, as to the price to be paid the contractor for work, this is a valid contract, and the award of the engineer is conclusive in the absence of fraud. Kidwell v. B. & O. R. Co., 11 Gratt. 676; Condon v. Southside R. Co., 14 Gratt. 302. But where the estimates of the engineer are so plainly in violation of the terms of the contract as to amount to a fraud, or a mistake which is so gross as to necessarily imply fraud, the contractor of course is not bound. Mills v. Norfolk, etc., R. Co., 90 Va. 523, 19 S. E. Rep. 171.
b. Mistake.
Must Appear from Award. — in an award made in pursuance of a general submission, the errors for which it is sought to set it aside must appear on the face of the award, and other parts of the record cannot be looked into to show that there is error of law or fact. But it is within the power of the court to look into the testimony, for the purpose of determining whether the errors were so gross and palpable as to constitute misbehavior in the arbitrators. Boring v. Boring. 3 W. Va. 297; Pleasants v. Ross, 1 Wash. 156; Scott v. Trents, 4 H. & M. 356. Or if the arbitrators will certify the principles on which they decided, the court will set aside the award if they appear to have acted under a mistake. Pleasants v. Ross, 1 Wash. 156.
The fact that one of the arbitrators, after the award, may think that the principles by which he was governed, should have led him to a different result, is not sufficient to set aside the award on the ground of mistake, such mistake not appearing on the face of the award, and being denied by the other arbitrator. Pollard v. Lumpkin, 6 Gratt. 398.
Mistake of Law in a Doubtful Case. — The court will not set aside an award on the ground of the arbitrators having mistaken the law in a doubtful ease. Ross v. Overton, 3 Call 309; City of Portsmouth v. Norfolk County. 31 Gratt. 727.
Plain and Palpable Mistake of Law. — Where it appears from the inspection of the award, that the arbitrators have made a plain and palpable mistake of law, there can be no valid ground for refusing relief in such case. Moore v. Luckess, 23 Gratt. 160.
Where arbitrators mean to decide according to law, and they mistake- the law in a palpable material point, the award will be set aside. But their decision, upon a doubtful point of law, or in a case where the question of law is designedly left to their judgment, will generally beheld conclusive. It must appear that they grossly mistook the Jaw; and -the court will not interfere merely because it would have given a different decision in the particular case. City of Portsmouth v. Norfolk County, 31 Gratt. 727; Mathews v. Miller, 25 W. Va. 817.
Error of Law — Set-Off.—Where it appeared in the award of the arbitrators, that they took the institution of the action, instead of the filing of the plea of set-off, as the date from which the statute of limitations would cease to run against such set-off, the court corrected the error, it appearing that the arbitrators intended to decide according to law. Moore v. Luckess, 23 Gratt. 160.
*346 Decision on a Question of Law Alone. — Where parties submit a question of law alone to arbitration, the award is binding though contrary to law. Smith v. Smith, 4 Rand. 95.
Mistake Must Be Palpable. — An award ought not to be set aside, either in a court of law or equity, on the ground of a mistake in the judgments of the arbitrators, unless that mistake is very palpable; a mere difference of opinion between the court and the arbitrators, in a doubtful case, is not sufficient to authorize such an interference. Morris v. Ross, 2 H. & M. 408.
Errors of Fact by Umpire. — An error of judgment on the part of the umpire in regard to the facts, is not ground for setting aside his award. Bassett v. Cunningham, 9 Gratt. 684.
Award Based on Correct and Erroneous Propositions of Law. — If an arbitrator, intending to decide the questions submitted to him according to law, states in his award two propositions of law, one of which is erroneous, and the other is correct upon the facts as he may consider them to be, a court in passing upon the validity of the award, will presume that his award is based upon the latter and the court cannot inquire whether he took a correct view of the facts. Willoughby v. Thomas, 24 Gratt. 521.
Greater Damages Awarded Than Claimed. — When a pending suit was submitted to arbitration and the arbitrators awarded the plaintiff greater damages than he claimed in his declaration, this was held not sufficient to invalidate the award. Sutton v. Dickinson, 9 Leigh 142.
Mistake of Date. — A mere mistake of a date from which interest on a particular debt is to run, obvious on the face of the award, is not ground for setting it aside, where the party in whose favor it is, consents that it shall be corrected in the judgment entered upon the award. Bassett v. Cunningham, 9 Gratt. 684; Byars v. Thompson, 12 Leigh 550.
But if an award made under an order of reference misrecite the date of the order the judgment entered upon the award is erroneous. Turner v. Moffett, 2 Wash. 70.
Mistake in Recital. —The circumstance that a submission to arbitration contains a recital that one of the parties has warranted the.title to a tract of land, when in truth the writing signed by him has not that effect, -is not a sufficient reason to disturb the award, no fraud or undue influence appearing. Kincaid v. Cuningham, 2 Munf. 1.
In Martin v. Martin, 12 Leigh 495, all matters in difference in three suits pending were referred to arbitrators under a rule of court. In the award the date of the submission was not given and the submission was recited as referring the two suits awarded. It was held, that neither the omission nor the incorrect recital was ground for objection to the award.
Clerical Errors May Be Corrected. — In Forrer v. Coffman, 23 Gratt. 871, the arbitrators were required by the submission, to return their award under their hands and seals by a certain day. They prepared their award and the day before they were required to return it handed it to the plaintiff’s counsel. He, seeing that they had omitted the seals, returned it to them requesting that they would seal it, which they did and returned the award on the day limited in the submission. The award was held valid.
In Byars v. Thompson, 12 Leigh 550, the arbitrators made an award on November 21st which was on that day signed and sealed by them, and read, but not delivered to the parties, and one of the parties obj ecting to the award because interest to which he was entitled was not credited to him, the arbitrators reconsidered the award, and on the 22d of November allowed the interest, and signed, sealed and delivered the award as corrected. It was held, that the corrected award was the true award.
Recommittal for Clerical Errors. — The court may recommit an award for the correction of a clerical error, and the award as corrected is not a new award, but must be considered as simply a mere correction of the award originally returned. Henley v. Menefee, 10 W. Va. 771.
Exorbitant Valuation. — When the value of property in money is referred to arbitrators and they fairly execute the submission, generally, the award cannot be set aside or determined to be invalid upon the ground that the valuation is exorbitant. Dickinson v. Railroad Co., 7 W. Va. 390.
c. Misbehavior in Arbitrators.
Misbehavior Resulting in Injustice. — An award of arbitrators will be set aside on the ground of circumstances in their conduct, amounting to misbehavior, though not to corruption, and resulting in injustice to one of the parties. Lee v. Patillo, 4 Leigh 436; Dawson v. Winslow, Wythe 114; Shipman v. Fletcher, 82 Va. 601; Head v. Muir, 3 Rand. 122; City of Portsmouth v. Norfolk County, 31 Gratt. 727.
When the merits in law, and in fact are referred to an arbitrator of competent knowledge, and there is not any question reserved by him, the court will not open the award unless something can be alleged amounting to a perverse misconstruction of the law, or misconduct on the part of the arbitrator. City of Portsmouth v. Norfolk County, 31 Gratt. 727.
Receiving Evidence Wrongfully. — Where arbitrators have received a paper in evidence without the knowledge or consent of one of the parties to the arbitration, and though they say that their opinions were formed before it was received, their award is void. Jenkins v. Liston, 13 Gratt. 535.
Admission of Improper Evidence. — If upon a reference by rule of court, the arbitrators admit improper evidence, such as testimony of one of the parties, or his wife, the other party ought to be permitted by the court to prove the fact; and being proved, the court ought to set aside the award, and direct a trial by jury. McAlister v. McAlister, 1 Wash. 193.
Where arbitrators are selected in part because of their high legal attainments, it will be presumed by the court that all improper testimony was discarded from their consideration in making their decisions. Bassett v. Cunningham, 9 Gratt. 684.
Refusing to Hear Proper Evidence. — Where arbitrators unreasonably refuse to hear competent witnesses offered by either party this will vitiate their award. Fluharty v. Beatty, 22 W. Va. 698; Ligon v. Ford, 5 Munf. 10.
Where evidence is offered at a trial before arbitrators, impeaching the credit of witnesses who have been allowed to testify, the evidence should be received. And if they refuse to hear the evidence this is such misbehavior as will render the award invalid. Ligon v. Ford, 5 Munf. 10.
Award on Ex Parte Evidence. — An award made on ex parte evidence is invalid. Graham v. Pence, 6 Rand. 529. In this case the defendant refused to submit his case or his evidence because the arbitrators had refused to act and had only been induced to act upon the request of the plaintiff. The arbitrators, however, rendered an award in the plain *347 tiff’s favor upon his ex Parte evidence. This was held sufficient to invalidate the award.
Allowing a Party to Write the Award. Though the simple fact that one of the parties to the submission wrote the award, in the absence of the other, who was not notified of the time and places of the arbitrators proceeding to make their award, may not, of itself, be sufficient to invalidate the award, still it may be considered unexplained, as affording just ground for suspicion and criticism. But where such party, in such case, wrote the award, and so wrote it that it is materially erroneous and deceptive, in his favor, and the arbitrators did sign it, as written, a court of equity may set aside the award. Dickinson v. R. Co., 7 W. Va. 392.
Proof of Misconduct — The court can look into the testimony, which was before the arbitrators, for the purpose of determining from such evidence and other circumstances, whether the errors were so gross or palpable as to show fraud, corruption or gross misconduct in the arbitrators, and where these are shown the court will set aside the award. Fluharty v. Beatty, 22 W. Va. 698; Moore v. Luckess, 23 Gratt. 160.
Arbitrator Acting as “Adviser and Partisan” of a Party. — Where a charge in a bill to set aside an award, was that the arbitrator acted as the “adviser and partisan” of one of the parties, this is sufficient charge of partiality and misconduct to give a court of equity jurisdiction of the case to set aside the award, if the charge is true. Wheeling Gas Co. v. City of Wheeling. 5 W. Va. 448.
Partition of Land by Arbitrators in Absence of Parties. — Two parties buy land together, the title being taken in the name of one; afterwards the matter is submitted to three arbitrators to determine the amount to which each is entitled. The arbitrators decide the cause, and afterwards two of them in the absence of one of the parties in interest proceed to make a partition of the land in accordance with their award. Held. that though the proceedings do not strictly comply with Va. Code, ch. 143, yet they are binding. Miller v. Miller (Va. 1901), 37 S. E. Rep. 792.
Misbehavior Caused by a Party. — A party who has himself been the cause of misbehavior in the arbitrators, is estopped to complain of such misbehavior. Rogers v. Corrothers, 26 W. Va. 238.
Hearing in the Absence of Parties. — Where one of the parties to a submission induces the arbitrators to hear evidence and decide the case in the absence of the other party in interest, the award will not be allowed to stand, because of the misbehavior of the arbitrators. Tate v. Vance, 27 Gratt. 571, and footnote; McCormick v. Blackford, 4 Gratt. 133; Jenkins v. Liston, 13 Gratt. 535.
Excluding one of the parties from the trial and permitting the other to be present, or excluding both parties and allowing one of them to be represented at the trial by his agent is such misbehavior as will invalidate the award. Shipman v. Fletcher, 82 Va. 601.
Hearing and deciding in the absence of a party who has expressed a wish to be present at the trial and who has informed the arbitrators that he has papers which will throw light on the controversy, is such misconduct on the part of the arbitrators as will invalidate the award. McCormick v. Blackford, 4 Gratt. 133.
Where Submission Is by Rule of Court — Power of Court over Award. — Where there has been misbehavior on the part of the arbitrators in making an award which was to have been entered as judgment of the court, the court has jurisdiction to set it aside for such misbehavior although a submission under rule of court is not within our statute relating to awards. Graham v. Pence, 6 Rand. 529.
3. CONSTRUCTION OF AWARDS.
Language Required.--Technical precision and certainty are never necessary in an award. If it be expressed in such language, that plain men acquainted with the subject-matter can understand it, that is sufficient. Rogers v. Corrothers, 26 W. Va. 238.
Term “Heirs at Law” in an Award. — Awards are to be construed liberally; and therefore the term “heirs at law” in an award respecting personal property, may be construed to mean all testator’s children living, or the child or children of them who died during his lifetime. Smith v. Smith, 4 Rand. 95.
Presumptions. — Presumptions are not to be raised for the purpose of overthrowing an award, but they are to be liberally construed so as to give effect and operation to the intention of the arbitrators, where it can be done, and every reasonable intendment is to be made in their support. Fluharty v. Beatty, 22 W. Va. 698; Smith v. Smith, 4 Rand. 95; Gas Co. v. Wheeling, 8 W. Va. 321; Armstrong v. Armstrongs, 1 Leigh 491.
Presumption as to Jurisdiction Where Award Is Entered as Judgment. — Where it does not appear whether the term of the court at which an award was entered as the judgment of the court, was a quarterly or monthly term, it will be presumed by the appellate court that it was the term at which the court had jurisdiction to enter the judgment. Forrer v. Coffman, 23 Gratt. 871.
What Amounts to an Award.--Where the vendor and vendee of land selected three persons to ascertain and fix the value of the land, and to certify such valuation; the certificate of valuation cannot be considered as more solemn, more conclusive, or binding upon the parties than an ordinary award. It is but an award, and the referees cannot, upon principle, be considered otherwise than as arbitrators. Dickinson v. Railroad Co., 7 W. Va. 390; Pleasants v. Ross, 1 Wash. 156.
In Duff v. Core, 27 W. Va. 232, an entry was made in two cases, one a common-law snit and the other a chancery cause, in these words ; “This day by consent and agreement of the parties the two above causes are referred to a commissioner of this court, who is hereby directed - to make, audit, settle and state and return to this court at the next term, an account between the plaintiff and the defendant, of all matters contained in said suits, and said commissioner is to hear the parties and any proper evidence offered, and to take the evidence in writing and to return the same with his report, and the said commissioner is directed to give the parties interested ten days’ notice of the time and place of executing this order, and such report shall be entered up as the judgment of this court.” On the report of the commissioner being returned to the court, it was held, that it was an* award and should be so treated, and not as an ordinary report of a commissioner in chancery subject to such exceptions as would lie to such a report ordinarily.
4. EFFECT OF THE AWARD.
Conclusive on Rights Adjudicated. — The parties are bound to present every claim or matter embraced in their submission, to the arbitrators, unless it is expres.sly withdrawn before the hearing, and as to any claim or matter thus embraced and not so withdrawn, an award general in form is conclusive *348 against the party having such claim or matter in any future controversy. Tennant v. Divine, 24 W. Va. 387; Dandridge v. Lyon, Wythe 123; Canada V. Barksdale, 84 Va. 742, 6 S. E. Rep. 10.
Upon a suit being afterwards instituted by one of the parties against the other in relation to the subject-matter of the submission, the award of the arbitrators deciding the questions submitted to them is the law of the case. Lunsford v. Smith, 12 Gratt. 554.
Award Entered as Judgment. — Where the submission provides that the award shall be entered as the judgment or decree of court, when so entered it is the judgment in the cause and settles all matters involved in the action, and it is not necessary that the award on its face should dispose of the action. Forrer v. Coffman, 23 Gratt. 871.
So in Canada v. Barksdale, 84 Va. 742, 6 S. E. Rep. 10, all matters in litigation were submitted to arbitration, and an award being rendered in favor of the plaintiff, judgment was entered thereon and execution issued and returned unsatisfied. In* a suit to subject the debtor’s land this judgment was listed and reported as a lien. The debtor filed a bill in equity to enjoin the sale, the matters set up in the bill being the same that were embraced in the sub-' mission to arbitration. It was held, that these matters being res judicata the judgment could not be attacked.
Subsequent Judgment Enjoined. — In a controversy between a legatee and an heir at law concerning certain slaves, the question as to the ownership was submitted to arbitration, and the arbitrators rendered an award in favor of the legatee. The heir at law brought detinue to recover the slaves, and obtained a judgment for them* The legatee obtained an injunction to this judgment on the ground that the award was conclusive upon the parties and the judgment nullifying such award was invalid. Dandridge v. Lyon, Wythe 123.
Award Affirming a Prior Award. — Where a bill is filed to set aside an award, and the parties agree to submit the validity of the award to another set of arbitrators, the decision of the arbitrators as to the validity of the award is conclusive unless impeached on grounds which would ordinarily invalidate an award. And the fact that the second award goes on to state matters not embraced in the submission does not invalidate it as these are separable. Morris v. Morris, 9 Gratt. 637.
Establishing New Boundaries for Land. — Where a matter involving the division of land is submitted to arbitration, the award of the arbitrators is binding though the line established by the award is different from-the line mentioned in the will. Hollingsworth v. Lupton, 4 Munf. 114.
Awarding a New Trial. — in Adams v. Hubbard, 25 Gratt. 129, an injunction to a judgmentwas obtained, and while it was pending, the matter in dispute was submitted to arbitrators, who made an award that the injunction be dissolved. On a motion to set aside the award on the ground of after-discovered evidence, it was held that though the evidence in the cause before the reference was made, might have warranted a new trial, yet the- award was in fact a new trial and the party was not entitled to another trial on that evidence.
Award as Evidence. — In an action of replevin for rent in arrear, it was held admissible for the defendant to introduce an award of arbitrators made since the distress was taken, but respecting accounts subsisting between the parties prior thereto, in order to show that he did not owe anything to the avowant. Turberville v. Self, 4 Call 580.
Court Has No Power to Change. — The circuit court has no power over an award made in pursuance of ch. 108, Code of W. Va. 1868, except to enter it as the judgment or decree of court, or to object or réfuse to so enter it, or possibly to recommit it. Where the court ordered a sale of real estate in a decree entering up the award as the decree of court, when the sale was not provided for or directed by the award, this was held error. Stevenson v. Walker, 5 W. Va. 427.
Presumption as to Conclusiveness. — A suit by an assignee of a bond against the obligor being referred to arbitration, the arbitrator's found the debt to have been discharged by payments to and set-off against the assignor, and made an award in favor of the obligor, upon which judgment is entered. Whereupon an action was brought by the assignee against the assignor. It was held, that though the assignor was at liberty to controvert the facts found by the award, and show that the judgment was erroneous, yet, until the contrary be shown, the judgment was to be presumed to be right, and was therefore sufficient to establish the liability of the assignor, and support an assumpsit founded on such liability. Scates v. Wilson, 9 Leigh 473.
5. ENFORCING THE AWARD.
a. In General.
nodes of Enforcing. — An award entered up as a judgment or decree of court, may be enforced by an action at law on the sainé, or in some cases by a bill in equity, and perhaps where the award is for the judgment of money, an execution might issue for the same. Stevenson v. Walker, 5 W. Va. 427. See Canada v. Barksdale, 84 Va. 742, 6 S. E. Rep. 10.
Assignee of Principal against Surety. — Where a principal has an award against his surety, he cannot collect it from the surety without giving him indemnity against his liability as surety ; and the assignee of the award stands in the shoes of the principal in this respect. Mattingly v. Sutton, 19 W. Va. 19.
b; Specific performance.
Award involving the Conveyance of Real Estate. — A court of equity has jurisdiction to enforce the specific execution of an award, which involves the conveyance of land, or to enforce the specific execution of an agreement for the sale of land, which involves incidentally the enforcement of an award for the payment of money. Wood v. Shepherd, 2 P.& H. 442; Boyd v. Magruder, 2 Rob. 761.
No Adequate Remedy at Law. — Equity has jurisdiction to decree specific performance of an award, where the remedy at law is inadequate. A bill in chancery, which makes out a case for specific execution of an award, but does not pray for general or special relief, is sufficient, if no objection be taken by the defendant,- and he answers on the merits of the complaint, and submits himself to the decree of the court. Smith v. Smith, 4 Rand. 95.
Where Compensation in Damages Furnishes Complete Relief. — A court of equity will enforce specific performance of an award, where the thing ordered by the award to be done is such as a court of equity would enforce if it had been agreed upon by the parties themselves. A court of equity will not entertain jurisdiction for specific performance of an award respecting goods, chattels, stocks, choses in action, and other things of'a merely personal nature, where compensation in damages furnishes a corn *349 píete and satisfactory remedy. Burke v. Parke, 5 W. Va. 122.
6. EQUITABLE RELIEF AGAINST AWARDS.
Inherent Jurisdiction of Courts of Equity. — The statute providing that no award made under its provision shall he set aside except for error appearing on the face of the award, or misbehavior in the arbitrator, does not interfere with the inherent jurisdiction of courts of equity, to grant relief against awards obtained through fraud, accident, partiality, or accident or mistake on the part of the arbitrators. Wheeling Gas Co. v. City of Wheeling, 5 W. Va. 448; Burke v. Parke, 5 W. Va. 122.
Jurisdiction of Courts of Law and Equity Concurrent. —•And the power of the court of equity to revise awards is concurrent with that of the courts of common law; but if the court of law first get possession of the subject, its decision is binding on the court of equity, unless new circumstances be shown to authorize the interposition of the latter. Flournoy v. Halcomb, 2 Munf. 34.
Objections Available at Law. — But a court of equity will not set aside an award, for objections, which, if available at all, were available at law, but which the party did not avail himself of at law — there being no surprise proved, though it is alleged, and no fraud proved, or alleged. It is equally the rule of equity as of law, that the reasons for setting aside an award, must appear on its face, or there must be misbehavior in the arbitrators, or some palpable mistake. Wheatley v. Martin, 6 Leigh 62; Head v. Muir, 3 Rand. 122.
Illegal Award. — An award condemning a party to pay damages for refusing to ratify an illegal and fraudulent contract is not binding; and relief against a bond given in conformity with such award, is properly sought in equity. Excessive damages alone is ground for relief in equity, as proving the arbitrators to have acted in an unjustifiable manner. Beverley v. Rennolds, Wythe 121.
Insufficient Ground to Set Aside. — No calculations or grounds for an award, which are delivered to the arbitrators after the submission has been delivered to them, are to be regarded or received as reasons, or grounds, to avoid an award. Taylor v. Nicolson, 1 H. & M. 66.
When Suit to Set Aside an Award May Be Brought.— A statutory award must be regarded as complete when it is signed and published and ready to be returned to court; and the party against whom the award is, may then bring his chancery suit to set it aside. Mathews v. Miller, 25 W. Va. 817; Rogers v. Corrothers, 26 W. Va. 238.
After-Discovered Evidence as Ground to Set Aside.— The rules governing courts of equity in awarding new trials in actions at law, on the ground of after-discovered evidence, apply equally to motions to set aside an award on that ground. Adams v. Hubbard, 25 Gratt. 129.
Setting Aside an Award — Decision of Whole Contro= versy. — Where all the parties are before the court upon a bill to set aside an award upon grounds which unquestionably give a court of equity jurisdiction. the jurisdiction having once attached for the purpose of injunction, the court may decide the whole controversy, and render a final decree, though all the issues are legal in their nature, capable of being tried by a court of law; and the legal remedies therefor adequate. Coons v. Coons, 95 Va. 434, 28 S. E. Rep. 885.
Statute of Limitations. — Unless the fund is such a fund as a court of equity will pursue regardless of the statute of limitations, lapse of time is a good defence to a bill brought to impeach an award. Lesslie v. Brown, 1 P. & H. 216.
7. PLEADING AND PRACTICE.
Sufficiency of Declaration. — in an action on an insurance policy, it is sufficient under Va. Code, § 2415, if the declaration refers to the policy and alleges in general terms, the performance of all its conditions and the violations of none of its prohibitions; and it is not necessary that it should allege that there had been an award, although the policy provides that no suit shall be sustainable until after an award. Tilley v. Connecticut Fire Ins. Co., 86 Va. 811, 11 S. E. Rep. 120.
In an action of debt for the penalty of an arbitration bond, the declaration sets out the submission, and so much of the award as entitles the plaintiff to his action. This is sufficient and it is not necessary in such case, that the declaration should set out the whole.award. Byars v. Thompson, 12 Leigh 550; Doolittle v. Malcom, 8 Leigh 608.
No Declaration Filed. — An award for tobacco, made upon a reference under a rule of court, in an action where no declaration was filed, but the damages laid in the writ were in money, was held to be good. Leftwitch v. Stovall, 1 Wash. 303.
Demurrer to Declaration on an Award.- If on the face of the submission it does not clearly appear that the award does not cover the whole matter -submitted, a demurrer to a declaration on the award will not be sustained; but the defendant must show by proper pleadings that the award is deficient, in order that the plaintiff may have an opportunity to reply. Price v. Via, 8 Gratt. 79.
So where the parties have waived a decision on one branch of the matter submitted, and requested the arbitrators to decide the other matters, though this is not stated in the declaration, a demurrer will not be sustained; but the plaintiff will be allowed to reply the facts to the plea of “no award.” Price v. Via, 8 Gratt. 79.
Fraud Shown under the General Issue. — In an action of assumpsit, upon an award founded on a parol submission. and plea of general issue, it is competent for the defendant to adduce proof at the trial under such plea, that his submission to arbitration, was procured by fraud. Bierly v. Williams, 5 Leigh 700.
Proving Set=Off under the General Issue — A reference to arbitration in a pending suit submitted all matters of difference between the parties in that suit. The suit was an action of assumpsit in which the defendant had pleaded nonassumpsit and filed notice of set-off; but the ground on which the set-off was claimed, merely entitled the defendant to an action for unliquidated damages. It was held that as the set-off would not have availed upon trial of the issue in court, the arbitrator did right to refuse to allow it for that reason. Harrison v. Wortham, 8 Leigh 296; Moore v. Luckess, 23 Gratt. 160; Swann v. Deem, 4 W. Va. 368; Austin v. Clark, 8 W. Va. 236.
Plea of “No Award.” — in an action on a bond for an award, a plea that the arbitrators had made no award, will defeat the action if the plea is sustained. Smallwood v. Mercer, 1 Wash. 290.
Plea of “Arbitrament and Award.” — The Plea of “arbitrament and award” (in so many words) is a mere nullity, and no evidence should be received to support it, notwithstanding the plaintiff replied generally. Harrison v. Brock, 1 Munf. 22.
Plea Impeaching Conduct of Arbitrators. — In an action for not performing an award, a plea impeaching the conduct of the arbitrators in making *350 up their award, presents no legal bar and should be rejected as the award is final until set aside. Doolittle v. Malcom, 8 Leigh 608.
Award Imperfectly Pleaded, — An award of arbitrators may be relied on as a bar to a suit, but before the defendant can rely on such defence, it must be properly pleaded. An award imperfectly pleaded is no defence. Martin v. Rexroad, 15 W. Va. 512.
Award Made Pendente Lite under Plea of Nonassumpsit. — An award made pendente lite cannot be given in evidence upon the plea of nonassumpsit. Harrison v. Brock, 1 Munf. 22.
Exceptions to an Award — Waiver.—An act of assembly having provided that awards should lie in court two terms before judgment, in order to enable the party to enter his exceptions to the award; it was held, that where he did enter his exceptions before the expiration of the two terms, that that was a waiver of the requirement. Mitchell v. Kelly, 1 Call 380. The above act relating to award was held not to include an order of reference made in a pending suit. Holcomb v. Flournoy. 2 Call 433.
Arrest of Judgment — Repleader.—In debt on bond, with condition to perform an award, the condition being made part of the record by oyer, and the defendant having pleaded “conditions performed,” if the plaintiff reply generally judgment will be arrested and a repleader awarded. Green v. Bailey, 5 Munf. 246.
Arbitrators Made Parties — Demurrer.—If the arbitrators be made parties to a suit for setting aside their award, they may demur to the bill. Shermer v. Beale, 1 Wash. 11.
Immaterial Variance. — Variance between the' date of the bond declared on, and that recited in the award, is not fatal, if they agree in every other particular; that is to say, if the bond declared on, have the month blank, and the award recites the month, it will not be fatal if the bonds agree in other respects. Ross v. Overton, 3 Call 309.
8. APPELLATE PROCEEDINGS.
Award Entered as Judgment — Writ of Error. — An order of the circuit court setting aside an award made by arbitrators upon a submission in pais of matters as to which there is no action pending but which provides that the award shall be made the judgment of the court, is such a final judgment that a writ of error will lie. Tennant v. Divine, 24 W. Va. 387.
Award Entered as Decree — Bill of Review. — Where two persons agree to submit the matter in controversy between them to arbitrators ; the award of the arbitrators to be entered as the decree of court, and the award is entered as the decree of court, this is a final decree and can only be reversed, or altered by a bill of review. Davis v. Crews, 1 Gratt. 407.
Refusal by Court to Enter Judgment on an Award. — A court’s refusal to enter a judgment according to an award, without determining the controversy, is not a judgment, from which an appeal can be taken. Manlove v. Thrift, 5 Munf. 493.
After=Discovered Evidence. — An appellate court will not undertake to interfere with the decision of the trial court, upon the ground of after-discovered evidence, unless it has before it all the evidence heard in the latter court; and this doctrine is applicable as well to awards as to verdicts. Adams v. Hubbard, 25 Gratt. 129.
Award Not Entered as a Judgment or Decree of Court. —There cannot be an appeal to the court of appeals, from the award of an arbitrator, unless it be made the judgment or decree of the court from which it is taken ; and the mere copy of the award in the proceedings of the court, though they be signed by the judge, does not make it the judgment or decree of the court. Crane v. Crane, 21 Gratt. 579.
Cause Pending in Supreme Court — West Virginia.— A cause pending in the supreme court of appeals, may under the statutes (ch. 108, W. Va. Code) of this state, be submitted by a consent order to arbitration, and the judgmentof the arbitrators may be entered up as the decree of court; or the parties to the suit may by an agreement in pais submit a cause, pending in the supreme court of appeals, to arbitration, and agree that their award may be entered up as the decree of the court; and it may be so entered. McGinnis v. Curry, 13 W. Va. 29.
Ex Parte Affidavit as Evidence on Appeal. — An affidavit taken without notice, if read without objection in the trial court in support of an award, will be considered as evidence in the appellate court; but it may not have the weight it might have had if regularly taken on notice. Adams v. Hubbard, 25 Gratt. 129; Tennant v. Divine, 24 W. Va. 392.